that plaintiff never intended to return to work. Moreover, given that the letter inquired into plaintiff's continued eligibility to receive his salary under Intesa's policy, it seems likely that, as later alleged in the complaint, plaintiff was requesting a temporary rather than a permanent leave of absence.

The majority holds that, under the State HRL, indefinite leave is not a reasonable accommodation as a matter of law. I disagree. A request for indefinite leave does not categorically excuse an employer from its "duty to move forward to consider [that] accommodation" (9 NYCRR 466.11 [j] [4]). Thus, even if plaintiff's letter could be construed as requesting indefinite leave, Intesa was still required to consider that request rather than simply terminate plaintiff without further discussion (see id.; Phillips, 66 AD3d at 176; Pimentel, 29 AD3d at 149).

In sum, I concur with the majority's disposition of the second cause of action related to the City HRL, but for the reasons stated, I would reinstate the first cause of action related to the State HRL.

Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge ABDUS-SALAAM dissents in part in an opinion in which Chief Judge LIPPMAN and Judge RIVERA concur.

Order, insofar as appealed from, modified, without costs, by reinstating the second cause of action of the complaint and, as so modified, affirmed, in a memorandum.

In the Matter of the Claim of SOPHIE ACKERMANN, Appellant. NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Respondent; COMMISSIONER OF LABOR, Respondent.

Submitted June 17, 2013; decided October 10, 2013

Motion for reargument of motion for leave to appeal denied [see 21 NY3d 929 (2013)]. Motion for poor person relief dismissed as academic.

ALEXANDER BREYTMAN, Appellant, v OLINVILLE REALTY, LLC, Respondent.

Submitted April 29, 2013; decided October 10, 2013

Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution. Motion for poor person relief dismissed as academic.

ALEXANDER BREYTMAN, Appellant, v OLINVILLE REALTY, LLC, Respondent.

Submitted July 22, 2013; decided October 10, 2013

Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution. Motion for poor person relief dismissed as academic.

In the Matter of the Claim of CAROLYN ANNE COLEMAN, Respondent, v COMPASS GROUP USA, INC./CHARTWELLS, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Submitted July 8, 2013; decided October 10, 2013

Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the proceeding within the meaning of the Constitution.

ANDREW CORRIGAN, Appellant, v STELLAR MANAGEMENT, LLC, et al., Respondents.

Submitted July 29, 2013; decided October 10, 2013

Motion for reargument of motion for leave to appeal denied [*see* 21 NY3d 985 (2013)]. Motion for poor person relief dismissed as academic.

COUNTY OF ERIE, Respondent, v M/A-COM, INC., et al., Defendants, and KEVIN J. COMERFORD, Appellant.

Submitted July 22, 2013; decided October 10, 2013